IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID SCOTT SIMS,
   Petitioner,

v.

JEFFREY A. BEARD, et al.,
   Respondents

: CIVIL NO. 3:CV-11-0004
:
: (Judge Munley)

## MEMORANDUM

Petitioner David Scott Sims ("Sims"), an inmate presently incarcerated at the State Correctional Institution at Waymart, Pennsylvania, initiated this action pursuant to 28 U.S.C. § 2254, on January 3, 2011, attacking the guilty pleas he entered in the Court of Common Pleas of York County in Criminal Case Numbers CP-67-CR-0000732-2000, CP-67-CR-0000737-2000, and CP-67-0000738- 2000. (Docs. 1, 4.) On February 28, 2011, respondents were directed to file a response concerning the timeliness of the petition and any applicable statutory and/or equitable tolling of the statute of limitations. On March 8, 2011, respondents filed a motion to dismiss the petition as untimely. (Doc. 9.) Thereafter, Sims filed a response to the motion. (Doc. 10.) For the reasons set forth below, the petition will be dismissed as untimely.

I. **Background**

On May 5, 2000, Sims pled guilty to rape, involuntary deviate sexual intercourse and other sex offenses and related crimes in connection with his molestation of three minor children (two girls and one boy) in the Court of Common Pleas of York County. (Doc. 9-1,

at 3.) He was immediately sentenced to a "negotiated, aggregate prison term of 12 to 24 years." (Id.) He did not pursue a direct appeal.

On September 26, 2001, he filed a motion to withdraw his guilty plea in the Court of Common Pleas of York County. The court denied the motion and Sims timely appealed. The Superior Court of Pennsylvania affirmed the lower court to the extent that it denied relief, but stated that "the post-conviction court should have resolved the Motion as a Petition brought pursuant to the Post Conviction Relief Act, see 42 PA. CONS. STAT. ANN. §§ 9541-9546. See Commonwealth v. Kutnyak, 781 A.2d 1259 (Pa. Super. 2011)(holding that a post-conviction petition must be treated as a PCRA petition, because the PCRA is the exclusive vehicle for obtaining post-conviction collateral relief." (Doc. 9-1, at 4.) The court then concluded that the motion was not a timely filed PCRA petition.

Sims filed a second PCRA on April 17, 2008. (Doc. 9-1, at 39, 74, 96.) The Commonwealth moved to dismiss the petition as untimely. (Id. at 40, 75, 97.) The motion was granted by the PCRA court on July 1, 2008. (Id.) Sims filed a Notice of Appeal on July 22, 2008, and, on July 14, 2009, the superior court affirmed the PCRA court's dismissal of the petition as untimely. (Doc. 9-1, at 55-56.) He filed a petition for allowance of appeal in the Supreme Court of Pennsylvania on August 13, 2009. (Id. at 60.) The supreme court denied the petition on February 8, 2010. (Id.)

The instant petition was filed on January 3, 2011. (Doc. 1.)

**II.** **Discussion**

The court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). See 28 U.S.C. § 2244(d) (1). A state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become

final until appeals have been exhausted or the time for appeal has expired. See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001).

As noted above, on May 5, 2000, following the entry of guilty pleas to charges of rape, involuntary deviate sexual intercourse and other sex offenses and related crimes, Sims was sentenced to an aggregate term of imprisonment of twelve to twenty-four months. No direct appeal was taken. Under 28 U.S.C. § 2244(d)(1)(A), his conviction therefore became final thirty days later, on June 4, 2000, and the one-year AEDPA statute of limitations commenced. The statute expired one year later on June 5, 2001. Consequently, the present petition, which was not filed until January 3, 2011, is untimely.

Sims asserts that under 28 U.S.C. § 2244(d)(1)(B), the statute should not begin running until February 28, 2008, because "the York County Common Pleas Court, its Clerk, its Official Court Reporter, the York County District Attorney, and the Petitioner's own counsel" denied him access to a copy of his May 5, 2000 sentencing hearing transcript, which prevented him from pursuing habeas relief. (Doc. 4, at 29.) He reasons as follows:

> This impediment was not removed until the petitioner was actually provided with this transcript by York County Official Court Reporter Beth L. Ness and it was received in the SCI Mailroom on February 22, 2008. As the Superior Court has observed, the Petitioner then filed his PCRA petition within 51 days of the receipt of this transcript. Therefore, any computation made against the AEDPA's statute-of-limitations would have to be made, for equitable tolling purposes, using the date of 2/22/08 as a starting point.

(Doc. 9-1, at 29) (emphasis in the original.) Even utilizing the February 22, 2008 date, the petition is still untimely, as the statute would have expired on February 22, 2009.

4

However, the Court's analysis does not end here; consideration of both statutory and equitable tolling must be undertaken.

**A.      Statutory Tolling**

Section 2244(d)(2) tolls the statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." A "properly filed application" for post-conviction relief under § 2244(d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place and filing. Lovasz v. Vaughn, 134 F. 3d 146, 148 (3d Cir. 1998). Further, in order to receive the benefit of tolling of the federal statute of limitation, a PCRA petition must be filed before the limitations period runs out. Otherwise, there is nothing left to be tolled. See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (finding that a properly filed post-conviction petition must be pending prior to the expiration of the federal limitations period in order to toll that period).

By the time Sims filed his "motion to withdraw guilty plea," which was construed by the Supreme Court of Pennsylvania as a PCRA petition on September 26, 2001, the statute of limitations had already expired. Hence, he is not entitled to statutory tolling on this basis.

Sims also seeks statutory tolling arguing that the statute of limitations did not commence running until February 22, 2008. It is his position that since he filed his PCRA petition within fifty-one days of the date he received the sentencing transcript on February 22, 2008, "[a]nd since that PCRA Petition has been constantly under Appellate review since

it was filed and until the Pennsylvania Supreme Court's DECISION was handed down on February 8, 2010 and delivered to the Petitioner some days later, all of the time during which it was pending before the Pennsylvania Courts must be considered as tolled as to the AEDPA's statute-of-limitations." (Doc. 4, at 29.) However, this PCRA did not operate to toll the statute of limitations because it was rejected by the state courts as untimely. See Fahy v. Horn, 240 F.3d 239, 243 (3d Cir. 2001) (stating that an untimely PCRA petition does not toll the statute of limitations for a federal habeas corpus petition); Merritt v. Blaine, 326 F.3d 157, 165-66 & n. 6 (3d Cir. 2003) (finding that federal courts are bound by state court's determination that PCRA petition was untimely and thus not "properly filed"). Statutory tolling is not available to Sims on this ground.

### B. Equitable Tolling

"Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. See Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006); LaCava v. Kyler, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. See Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003). Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

The burden of establishing entitlement to equitable tolling lies with the petitioner, who must show that he or she exercised reasonable diligence in investigating and bringing the claims. See Robinson v. Johnson, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. See LaCava, 398 F.3d at 276. Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

Sims does not allege that he was misled by either the Commonwealth or state courts regarding his claim, or that he timely asserted his rights mistakenly in the wrong forum. He does attempt to establish that he was in some extraordinary way prevented from asserting his rights. Specifically, on multiple occasions he requested a copy of his sentencing transcript from the "York County Clerk of Courts." (Doc. 4, at 89-100; Doc. 4-1, at 1-3.) In 2000, he

requested the transcript approximately five times. Between 2001 and 2003, he requested the transcript on nine separate occasions. Three years then elapsed before another request was made in October 2007. Thereafter, an additional request was made on February 12, 2008. He was provided with the transcript on February 22, 2008. Although he takes issue with the length of time it took for him to be provided with a copy of his sentencing transcript, and such a delay is certainly not to be condoned by this court, possession of the transcript was not a prerequisite to him filing his claim. Because he was therefore not prevented from pursuing his claims in some extraordinary way, equitable tolling of the AEDPA statute of limitations is not warranted in this case.

## III. Conclusion

For the reasons set forth above, the petition for writ of habeas corpus will be dismissed as untimely.

An appropriate order follows.

## IV. Certificate of appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are

adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

Dated: July 28th, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID SCOTT SIMS, | : | CIVIL NO. 3:CV-11-0004 |
| Petitioner, | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| JEFFREY A. BEARD, et al., | : | |
| Respondents | : | |

## ORDER

AND NOW, to wit, this 28th day of July 2011, in accordance with the foregoing memorandum, it is hereby ORDERED that:

1. Respondents' motion to dismiss the habeas petition as untimely (Doc. 9) is GRANTED. The petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2254 is DISMISSED as time-barred by the statute of limitations. See 28 U.S.C. § 2244(d).

2. There is no basis for the issuance of a certificate of appealability. 28 U.S.C. § 2253(c).

3. The Clerk of Court is directed to CLOSE this case.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court